THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MALCOLM EARL TALLEY,**
Plaintiff,

**Case No: 2:26-cv-14286**
**Hon.:**

vs.

**CITY OF DETROIT, A MUNICIPAL CORPORATION**
**JACOB ELLIS**
**MICHAEL STEARNS**
**TRAVIS THOMPSON**
**ADRIAN PAYNE,**
**HEATHER CAMERON,**
**DOE OFFICERS 1-10,**
**Jointly & Severally**
Defendants.

_______________________________________/

**THE WHITTIE LAW CENTER, PLLC**
**DENNIS G. WHITTIE (P79560)**
Attorneys for Plaintiff
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258
(313) 447-2737 (Facsimile)
Dennis@whittielawcenter.com
WhittieLawCenter@gmail.com (e-filing)

_______________________________________/

## COMPLAINT AND JURY DEMAND

Plaintiff Malcolm Earl Talley, by and through counsel, Dennis G. Whittie alleges as follows:

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

## NATURE OF THE ACTION

1. This is an action for damages and other relief under 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Fourth, Fourteenth, and First Amendments to the United States Constitution, and related state law claims.

2. On June 2, 2025, Detroit police officers arrested Plaintiff without probable cause.

3. Judge Ramsey Heath, of the 36th District Court, later found after an evidentiary hearing that there was no probable cause to arrest Plaintiff.

4. After Plaintiff successfully obtained a court order directing return of his firearm and personal property, Defendants refused to comply and then reissued a citation charging the same conduct, selecting the misdemeanor box on the charging document even though the underlying alcohol breath test results indicated, at most, a civil infraction had occurred.

5. Plaintiff brings claims for false arrest/unreasonable seizure, retaliatory enforcement, and municipal liability under *Monell*.

6. Plaintiff demands a jury trial.

## JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4).

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

8. This Court has supplemental jurisdiction for the State Law claims under 28. U.S.C. §1367.

9. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in the City of Detroit, Michigan, located within the Eastern District of Michigan.

**PARTIES**

10. Plaintiff Malcolm E. Talley is an adult resident of the Eastern District of Michigan.

11. Defendant City of Detroit is a municipal corporation organized under Michigan law ("City") and is located in the Eastern District of Michigan.

12. Defendant Officer Jacob Ellis was, at all relevant times, a police officer employed by the Detroit Police Department, acting under color of state law, and upon information and belief, is a resident of the Eastern District of Michigan.

13. Defendant Officer Michael Stearns was, at all relevant times, a police officer employed by the Detroit Police Department, acting under color of state law, and upon information and belief, is a resident of the Eastern District of Michigan.

14. Defendant Sergeant Travis Thompson was, at all relevant times, a police officer employed by the Detroit Police Department, acting under color of

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

state law, and upon information and belief, is a resident of the Eastern District of Michigan.

15. Defendant Lieutenant Adrian D. Payne was, at all relevant times, a police officer employed by the Detroit Police Department, acting under color of state law, and upon information and belief, is a resident of the Eastern District of Michigan.

16. Captain Heather Cameron was, at all relevant times, a police officer employed by the Detroit Police Department, acting under color of state law, and upon information and belief, is a resident of the Eastern District of Michigan.

17. Defendants John/Jane Doe Officers 1–10 are unknown Detroit police officers, supervisors, and/or employees who participated in, authorized, ratified, or failed to prevent the unconstitutional arrest, citation reissue, and retention of Plaintiff's liberty and property while acting under color of state law.

**FACTUAL ALLEGATIONS**

18. On June 2, 2025, Plaintiff was at or near 546 E. Larned Street, Detroit, Michigan, outside of a bar/nightclub location within the City of Detroit.

19. The initial incident report, as drafted by Defendants Ellis and Stearns, classified the event as aggravated/felonious assault involving a rifle.

20. The Detroit Police Department generated incident materials identifying Plaintiff and his arrest as part of case number 250602-0018 with an accompanying citation number of SP16348061.

21. Officers Ellis and Stearns were among the officers involved in the arrest and citation process.

22. As can be observed on body worn camera that Defendants Ellis and Stearns wore, it is alleged that Plaintiff possessed a rifle but both officers did not feel threatened by Plaintiff's possession of it, nor believed he had any intent to threaten or place Defendants Ellis and Stearns in reasonable fear.

23. Yet, officers falsely arrested Plaintiff under MCL 750.82 and housed Plaintiff at the Detroit Detention Facility – for approximately three days.

24. Notably, no felony complaint was pursued by the Wayne County Prosecutor for the original allegation of felonious assault / assault-with-a-dangerous-weapon theory under MCL 750.82.

25. Thus, Defendants only proceeded to confine Plaintiff on the falsely alleged "misdemeanor" of possession of a firearm even though all of their administered breath tests clearly indicated that no misdemeanor had been committed.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

26. The original "misdemeanor" case that was filed was dismissed on February 3, 2026, for Officer Ellis's failure to appear at trial.

27. Thereafter, Plaintiff attempted to retrieve his firearm from the Property Division of the Detroit Police Department.

28. The Property Division is under the command of Defendant Heather Cameron.

29. The Detroit Police Department refused to release Plaintiff's firearm and his other property to him.

30. Plaintiff then returned to the 36th District Court to seek an order for the return of his firearm and other property that were seized from him.

31. On February 5, 2026, 36th District Court Judge Ramsey Heath entered a written order directing the City of Detroit Police Department to return Plaintiff's firearm and personal property that was seized on or about June 2, 2025, in conjunction with Plaintiff's arrest.

32. When Plaintiff attempted to retrieve his firearm from the Property Department, Defendants and/or the Detroit Police Department refused to comply with the court's order to return Plaintiff's property.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

33. Upon information and belief, Defendant Heather Cameron was personally involved in resisting efforts of Plaintiff to regain lawful possession of his property.

34. Upon information and belief, there was communication between Defendant Heather Cameron and other Defendants regarding Plaintiff's attempts to regain possession of his property.

35. After Plaintiff went back to the 36th District Court and complained to the court regarding Defendants' refusal to return his property in violation of the court's order, Officers Ellis and Stearns, within days, reissued a citation (Case No. SP17861851) for the same incident - and again - falsely marked the "misdemeanor" box on the charging document/citation even though the allegation clearly would only rise to a civil infraction.

36. Defendants Ellis and Stearns had reason to know or should have had reason to know that the allegations would - at most - arise to a civil infraction.

37. The reissuance of the charging document/citation followed Plaintiff's efforts to obtain compliance with the court's return order and was retaliatory in nature.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

38. After Defendants Ellis and Stearns reissued the charging document/citation, Judge Ramsey Heath stayed her return order pending further proceedings.

39. Plaintiff ultimately sought the appointment of an attorney through the 36th District Court Indigent Defense Services Department (IDSD).

40. Thereafter, Plaintiff's appointed counsel filed a Motion to Dismiss for a Lack of Probable Cause and a Motion to Show Cause for the Detroit Police Department's refusal to return Plaintiff's firearm and other property.

41. At a later evidentiary hearing, held on March 25, 2026, the 36th District Court recognized that Defendants Ellis and Stearns were unable to sustain the original felony-based charge.

42. More specifically, the court heard testimony of the two arresting officers, Defendants Jacob Ellis and Michael Sterns, where they admitted that they stated, before the arrest, and then later confirmed in their testimony, that Defendants Jacob Ellis and Michael Sterns believed Plaintiff had no intent to threaten them.

43. Intent is a requirement and element to sustain a charge of felonious assault/assault with a dangerous weapon under MCL 750.82.

44. Thus, Defendants' reason for arresting Plaintiff was legally insufficient.



THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

45. The City and defendants then moved to their alternate theory that Plaintiff was in possession of a firearm while intoxicated.

46. A preliminary breath test – administered on the scene - yielded a breath test result of 0.06 g/210L.

47. Possessing a firearm with a breath test result of under 0.08 g/210L is a civil infraction under MCL 28.425k(2)(c).

48. MCL 28.425K(2)(c) states, "If the person had a bodily alcohol content of .02 or more but less than .08 grams per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine, the individual is responsible for a state civil infraction and shall be fined $100.00."

49. Under Michigan law, a civil infraction is not a crime.

50. Thus, the breath test result – at most- would result in a civil infraction citation with a $100 fine and no incarceration.

51. Under Michigan law, police officers have no authority to arrest for an alleged violation of a civil infraction.

52. Nevertheless, Defendants Ellis and Stearns, upon the support and direction of Defendants Travis and Payne, falsely alleged the intoxication was a reason for Plaintiff's arrest and his subsequent confinement at the Detroit Detention Center.



THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

53. After Defendants arrested and transported Plaintiff to the Detroit Detention Center, they conducted another breath test.

54. This test, administered on an Intoxilyzer 9000 machine at the Detroit Detention Center, yielded even lower results of 0.054 and 0.052 g/210L.

55. These results too, would only rise to the level of a civil infraction.

56. As the breath test only resulted in an alleged violation, at most, a civil infraction, Defendants had no authority to continue to imprison Plaintiff for an alleged violation.

57. Despite all of those breath test alcohol results, Defendant Ellis and Stearns initially selected the "misdemeanor" box on the charging document/citation for carrying a concealed weapon while under the influence of liquor, MCL 28.425k(2), even though the matter only rose to a civil infraction.

58. On March 25, 2026, the court held a full evidentiary hearing on Plaintiff's motions.

59. Just prior to that hearing, the City's corporation counsel acknowledged that the misdemeanor charge on the charging document/citation had to be amended to a civil infraction as the allegations on their face would not rise to the level of a misdemeanor.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

60. The court granted the City's Corporation Counsel's request to amend the charging document/citation from a misdemeanor to a civil infraction.

61. The court then conducted a full evidentiary hearing.

62. Defendants Jacob Ellis, Michael Sterns, and Captain Heather Cameron (Commanding Officer of the Detroit Police Department Property Management Unit) all testified and recordings from the officers' body worn camera were admitted.

63. At the conclusion of the evidentiary hearing, the court expressly found that there was no probable cause to arrest Plaintiff.

64. The court also ruled that the PBT and Intoxilyzer evidence were inadmissible in the further civil infraction proceeding as the gathering of the evidence was the result of an unconstitutional arrest.

65. Plaintiff suffered loss of wages, compensation, liberty, injury, humiliation, emotional distress, inconvenience, legal expense, and other damages as a direct result of Defendants' conduct.

66. At all relevant times, Defendants acted under color of state law.

67. Defendants are jointly and severally liable.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

## COUNT I

## 42 U.S.C. § 1983 — FALSE ARREST / UNREASONABLE SEIZURE OF PERSON (Against Officers Ellis, Stearns, Thompson, Payne, and Doe Defendants in their Individual Capacities)

68. Plaintiff incorporates all of the above paragraphs as if fully set forth here.

69. The Fourth Amendment and the Fourteenth Amendment to the United States Constitution prohibits government agents from seizing a person through arrest without probable cause.

70. Defendants Ellis, Stearns, Payne, and Thompson arrested and caused Plaintiff to be detained without probable cause.

71. Defendants lacked a reasonable basis to believe Plaintiff had committed felonious assault/assault with a dangerous weapon, or any other arrestable offense supporting a custodial arrest.

72. The City prosecutor's later amendment of the citation from the falsely alleged misdemeanor charge to a civil infraction confirms that the officers escalated the matter beyond what the facts and law supported.

73. Thus, there was no probable cause to arrest Plaintiff.

74. After seizing Plaintiff through arrest and conducting a second breath test at the Detroit Detention Center, the Defendants lacked any reasonable,

The Whittie Law Center, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

constitutional, or legal basis to continue to detain Plaintiff at the Detroit Detention Center for approximately three days.

75. Thus, there was no probable cause to arrest Plaintiff and there was no probable cause to continue to incarcerate Plaintiff for three days.

76. Defendants' conduct directly and proximately caused Plaintiff's injuries.

77. Plaintiff seeks compensatory relief, declaratory relief, attorney's fees, costs, and all other relief available under federal and state law.

## COUNT II

## 42 U.S.C. § 1983 — FIRST AMENDMENT RETALIATION
## (Against Officers Ellis, Stearns, Thompson, Adrian D. Payne, and Doe Defendants in their Individual Capacities)

78. Plaintiff incorporates all of the above paragraphs as if fully set forth here.

79. Plaintiff engaged in protected conduct by seeking enforcement of the court's order returning his firearm and personal property, and by complaining to the 36th District Court about Defendants' refusal to comply with the court's order.

80. Defendants knew of Plaintiff's protected conduct and filings at the 36th District Court to return his property.

81. In response, Defendants reissued the citation and again selected the "misdemeanor" box on the charging document/citation to burden, punish, or chill Plaintiff's efforts to vindicate his rights.

82. The reissuance of the citation was motivated at least in part by retaliatory animus.

83. Defendants' retaliatory conduct would deter a person of ordinary firmness from exercising his constitutional rights.

84. Plaintiff suffered injury as a direct and proximate result of Defendants' retaliatory conduct.

85. Plaintiff seeks compensatory relief, declaratory relief, attorney's fees, costs, and all other relief available under federal and state law.

**COUNT III**

***42 U.S.C. § 1983 — MUNICIPAL LIABILITY AGAINST THE CITY OF DETROIT***
***Failure to Train, Failure to Supervise, and Custom/Practice***

86. Plaintiff incorporates all of the above paragraphs as if fully set forth here.

87. At all relevant times, the City of Detroit, through the Detroit Police Department and its policymakers, maintained inadequate policies, customs, practices, training, supervision, and discipline concerning the arrests of persons,

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

seizure of property, and handling and return of firearms and other property seized during criminal investigations and related court proceedings.

88. Specifically, the City failed to train and supervise its officers and command staff concerning the obligation to comply promptly and fully with court orders directing the return of seized firearms and other property after dismissal or amendment of charges.

89. Moreover, the City failed to train officers and supervisors concerning the limits of their authority to retain firearms and other property after a judicial order has been entered, and the procedures required when officers or property-room personnel believe there is a basis to seek clarification, modification, or stay of a return order.

90. The need for such training and supervision was obvious because Detroit police officers and command personnel routinely handle seized firearms, court-ordered returns, and post-dismissal property requests.

91. The City knew or should have known that its existing practices were inadequate because there were multiple prior instances in which the Detroit Police Department refused to return firearms despite court orders requiring their return.

92. Upon information and belief, those prior refusals included at least two other similar instances, in addition to Plaintiff's case, where the Detroit Police

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

Department declined to release firearms after receiving lawful court orders to do so.

93. These repeated refusals placed the City on actual or constructive notice that its training, supervision, and internal compliance procedures were deficient and likely to result in unconstitutional deprivations of life, liberty, property and continued interference with citizens' rights.

94. Despite that notice, the City failed to implement corrective training, discipline, supervision, or compliance procedures reasonably calculated to ensure obedience to court orders, assurance that arrests and subsequent confinement are in compliance with state statutes and the US Constitution, and the seizure of property and requirements to return said property in compliance with state statutes and the US Constitution.

95. The City's failure to train and supervise amounted to deliberate indifference to the constitutional rights of persons whose firearms and other property were seized by DPD and subject to court-ordered return. *City of Canton v. Harris*, 489 U.S. 378 (1989), *Connick v. Thompson*, 563 U.S. 51 (2011).

96. In the alternative, the City maintained a widespread custom or practice of refusing to comply with firearm-return orders, and that custom was so persistent

The Whittie Law Center, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

and widespread that it constituted the force of law. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

97. The City's custom, practice, failures to train, and failures to supervise were the moving force behind the constitutional violations suffered by Plaintiff, including the unconstitutional arrest, the continued unconstitutional confinement at the Detroit Detention Center, the unlawful retention of his firearm and his other property, the refusal to comply with the February 5, 2026 order, and the retaliatory reissuance of the citation - falsely issued a second time, as a misdemeanor, as continued deprivation of his rights.

98. Defendants' conduct directly and proximately caused Plaintiff's injuries.

99. Plaintiff seeks compensatory relief, declaratory relief, attorney's fees, costs, and all other relief available under federal and state law.

## COUNT IV

## STATE-LAW FALSE ARREST/IMPRISONMENT
**(Against Officers Ellis, Stearns, Thompson, Adrian D. Payne, and Doe Defendants, Individually)**

100. Plaintiff incorporates all of the above paragraphs as if fully set forth here.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

101. Defendants arrested and imprisoned Plaintiff without legal justification and/or probable cause.

102. Defendants intentionally confined Plaintiff without lawful privilege.

103. Defendants lacked legal justification for the continued three-day confinement after the unconstitutional arrest.

104. Plaintiff's liberty was deprived by the unconstitutional arrest and the unlawful following three-day confinement.

105. Plaintiff suffered injury as a direct and proximate result of Defendants' conduct.

106. Plaintiff seeks compensatory relief, declaratory relief, attorney's fees, costs, and all other relief available under federal and state law.

**DAMAGES**

107. Plaintiff suffered loss of wages, compensation, benefits, liberty, emotional distress, humiliation, inconvenience, reputational injury, and economic loss.

108. Plaintiff's economic and non-economic damages are greater than $75,000.

109. Plaintiff seeks compensatory damages in an amount to be proven at trial.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

110. Plaintiff seeks punitive damages against the individual Defendants in their individual capacities to the extent allowed by law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants and award:

A. Compensatory damages;

B. Punitive damages against the individual Defendants;

C. Declaratory relief;

D. Attorney fees under 42 U.S.C. § 1988;

E. Costs and allowable expenses;

F. Pre-judgment and post-judgment interest; and

G. Any other relief the Court deems just and proper.

Respectfully submitted:

**THE WHITTIE LAW CENTER, PLLC**

***/s/ Dennis G. Whittie***
**DENNIS G. WHITTIE** (P79560)
Attorney for Plaintiff

Dated: November 10, 2026

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Ste. 239
Royal Oak, MI 48067
(313) 365-0258 · (248) 607-7233

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted:

**THE WHITTIE LAW CENTER, PLLC**

***/s/ Dennis G. Whittie***
**DENNIS G. WHITTIE** (P79560)
Attorney for Plaintiff

Dated: November 10, 2026